┌─────────────────────────────────────────────┐
│         **NONPRECEDENTIAL DISPOSITION**          │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**
Argued May 21, 2020
Decided June 16, 2020

**Before**

DANIEL A. MANION, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 19-3006

| | |
|---|---|
| DROR IRONI, *et al.*, | Appeal from the United States District |
|     *Plaintiffs-Appellants*, | Court for the Northern District of |
| | Illinois. |
|    *v.* | |
| | No. 18-cv-07989 |
| EFI GLOBAL, INC., *et al.*, | |
|     *Defendants-Appellees*, | Edmond E. Chang, |
| | *Judge*. |

**O R D E R**

Dror, Dennis, and Dan Ironi created an environmental consulting company. They sold it in 2015 to Defendants EFI Global and CL Acquisition Holdings for $7 million, broken down like this: $4.2 million in cash and 28,000 shares of restricted preferred stock in CL Holdings. The parties memorialized this sale in the Purchase Agreement, which states the shares shall issue to the Ironis at an "agreed value" of $100 per share.[1] The dispute here arose three years later when the Ironis redeemed their 28,000 shares at a much lower

---

[1] 28,000 shares × $100 = $2.8 million in shares. $2.8 million in shares + $4.2 million in cash = $7 million total.

price: $26 per share. They filed suit to rescind the contract based on breach and mutual mistake, with separate claims for equitable fraud and unjust enrichment. Their claims (governed by Delaware law) all boil down to a theory that the contract's reference to "agreed value" really means "market value" or "actual value," and that Defendants misrepresented and oversold the shares' 2015 worth. The Ironis insist this caused them to receive less than the full $7 million sale amount.

Defendants moved for judgment on the pleadings and the district court granted their motion. We review *de novo*, *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998), and conclude this ruling was proper because nothing justifies rescission here. The Ironis' breach- and mistake-based approach is undermined by the contract itself. They cannot claim Defendants breached the contract by failing to pay the entire $7 million when the contract's language simply does not support the notion that the parties meant $100 per share to serve as a market/actual valuation. This reality undercuts the Ironis' reliance on mutual mistake, too, as does their clear understanding and assumption of the economic risk associated with accepting restricted shares over more cash.

The Ironis' equitable fraud claim cannot advance, either. Equitable fraud requires a showing that one party made a false representation. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 472 (Del. 1992). But the central purported misrepresentation here—the contract's per share "value"—is not a misrepresentation at all. Again, nothing in the Purchase Agreement advertises the shares' market or actual value; the contract simply sets forth an *agreement* between two sophisticated parties on the shares' value for the particular transaction at hand. And any alleged misrepresentations made outside the contract's four corners are beside the point. Not only does the contract contain an integration clause, but elsewhere in the written agreement the Ironis explicitly acknowledged they relied on no warranties or representations other than those contained in the sale documents.

Lastly, the presence of a valid, enforceable contract here negates the unjust enrichment claim. *See Kuroda v. SPJS Holdings, L.L.C.*, 971 A.2d 872, 891 (Del. Ch. 2009) ("A claim for unjust enrichment is not available if there is a contract that governs the relationship between parties that gives rise to the unjust enrichment claim."); *Bakerman v. Sidney Frank Importing Co.*, 2006 WL 3927242, *18 (Del. Ch. Oct. 10, 2006) ("When the complaint alleges an express, enforceable contract that controls the parties' relationship, however, a claim for unjust enrichment will be dismissed."). Apart from repeating the same arguments rejected above, the Ironis fail to call the Purchase Agreement's validity into question.

For all these reasons and for those articulated in the district court's well-reasoned opinion, we AFFIRM the entry of judgment on the pleadings.